IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

OCTOBER SESSION 1997



**FILED**

**December 9, 1997**

**Cecil W. Crowson**
**Appellate Court Clerk**

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | |
| APPELLEE, | ) | |
| | ) | No. 01-C-01-9611-CR-00481 |
| | ) | |
| | ) | Wilson County |
| v. | ) | |
| | ) | James O. Bond, Judge |
| | ) | |
| | ) | (Sentencing) |
| BRENDA STARKS, | ) | |
| | ) | |
| APPELLANT. | ) | |

FOR THE APPELLANT:

J. Robert Hamilton
Attorney at Law
225 East Market Street
Lebanon, TN 37087

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter
500 Charlotte Avenue
Nashville, TN 37243-0497

Elizabeth B. Marney
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

Tom P. Thompson, Jr.
District Attorney General
203 Greentop Street
Hartsville, TN 37074-0178

Robert N. Hibbett
Assistant District Attorney General
111 Cherry Street
Lebanon, TN 37087-3609

OPINION FILED:_____

JUDGMENT OF TRIAL COURT REVERSED AND CAUSE DISMISSED

Joe B. Jones, Presiding Judge

# O P I N I O N

The appellant, Brenda Starks (defendant), appeals as of right from the judgment of the trial court affirming the sentence, as amended, imposed by the General Sessions Court of Wilson County. After the defendant entered a plea of guilty to passing a worthless check, a Class A misdemeanor, she was sentenced to serve 364 days at 100% in the Wilson County Jail. Her entire sentence was suspended and she was placed on unsupervised probation. The General Sessions Court subsequently revoked the probation, and she appealed to the Criminal Court for Wilson County. The trial court affirmed the judgment of the General Session Court, but amended the judgment. The amended judgment provided for confinement in the Wilson County Jail for 364 days at 75%. In this court, the defendant contends:

> [T]he sentence she was given by the Criminal Court for Wilson County, Tennessee, an eleven (11) month, twenty-nine (29) day sentence at seventy-five percent (75%), for the misdemeanor offense of passing a worthless check, T.C.A. 39-14-121, was excessive, in that the Court did not sentence Defendant pursuant to the applicable provisions of the Tennessee Criminal Sentencing Reform Act of 1989, T.C.A. 40-35-101, et. seq.

After a thorough review of the record, the briefs submitted by the parties, and the laws applicable to this case, it is the opinion of this court the judgment of the trial court must be reversed and this cause dismissed because the defendant has served the entire sentence prior to the institution of the revocation proceedings in the General Sessions Court.

The defendant was arrested pursuant to an arrest warrant for passing a worthless check in the amount of $56.99 to Al's Food Value on the 3rd day of December, 1994. The arrest warrant was issued on February 15, 1995. On March 1, 1995, the defendant entered a plea of guilty to the passing of a worthless check as alleged in the warrant. The General Sessions judge sentenced the defendant to serve 364 days in the county jail at 100%. The service of the sentence was suspended, and, as a condition of probation, the defendant was required to pay the amount of the worthless check to the victim and pay the court costs. The defendant failed to pay either amount. On September 19, 1995, a garnishment was issued. The defendant's employer advised the General Sessions clerk's

office the defendant had taken bankruptcy. On May 15, 1996, an "Order to Show Cause" was entered and served upon the defendant. The order stated in part: "If you fail to satisfactorily show cause as herein ordered, you may be found guilty of contempt of court, your probation revoked, and you may be ordered to serve the entire sentence adjudged against you in this cause." The General Sessions judge revoked the defendant's probation and ordered her to serve the 364 days at 100% on or about May 29, 1996. The defendant subsequently appealed the judgment of the General Sessions Court to the Criminal Court for Wilson County.

The offense of passing a worthless check under the sum of $500 is a Class A misdemeanor. Tenn. Code Ann. §§ 39-14-121 (f) and -105(1). The maximum punishment for a Class A misdemeanor is a fine of $2,500 and confinement for eleven months and twenty-nine days. Tenn. Code Ann. § 40-35-111(e)(1) (Repl. 1997). In this case, the General Sessions Court imposed the maximum sentence of confinement for eleven months and twenty-nine days. A fine was not assessed as part of the sentence.

It is undisputed the General Sessions Court sentenced the defendant on March 1, 1995. Therefore, the defendant's sentence expired on February 28, 1996 since the defendant had been on probation during the period between March 1, 1995, and February 28, 1996. The probation revocation proceeding was not commenced until May 15, 1996, the date the show cause order was filed. The General Sessions Court's order revoking the probation is not dated. However, it appears the hearing and subsequent revocation occurred on or about May 29, 1996, the date set forth in the show cause order. The defendant made a $250 bond on May 31, 1996.

It is obvious that the defendant's sentence had expired approximately two and one-half months before the revocation proceeding was instituted by the filing of the show cause order. Consequently, the General Sessions Court did not have jurisdiction to revoke the defendant's probation.

According to the applicable statute, a "trial judge shall possess the power, at any time within the maximum time which was directed and ordered by the court for such suspension . . . to revoke and annul such suspension." Tenn. Code Ann. § 40--35-310 (Repl. 1997) (emphasis added). While a garnishment was issued by the General Sessions

3

Court Clerk on September 19, 1995, the garnishment did not toll the running of the defendant's sentence. Only the issuance of a revocation warrant -- the show cause order in this case -- can toll the running of a sentence and prevent the sentence from expiring before a revocation hearing can be conducted. Allen, 505 S.W.2d at 717.

In short, the defendant's sentence had expired before the revocation proceedings were instituted. Thus, the General Sessions Court did not have jurisdiction to revoke the defendant's probation and order her to serve the entire sentence. Given these circumstances, the defendant is entitled to the reversal of the trial court's judgment and the dismissal of the revocation proceedings.


_____
JOE B. JONES, PRESIDING JUDGE


CONCUR:



_____
WILLIAM M. BARKER, JUDGE



_____
JOE G. RILEY, JUDGE

4